## EBLAN v. EDWARDS et al.

1. Under the pleadings and the evidence a general verdict for the defendants was not authorized.

2. Two parties entered into a written contract signed by both of them, whereby one sold to the other a photographic studio with its fixtures, furniture, fittings and accessories, and good will. A list of the property, "as nearly as possible," was attached to the contract. It was stated that fifty dollars was paid in cash and promissory notes given for the balance of the purchase-money. The notes recited that they were given for "value received, being for part of purchase-money for studio 73 1/2 Whitehall Street." They contained provisions for the payment of attorney's fees, and waivers of homestead and of demand, protest, and notice, and included this clause: "It is understood and agreed that the title to the above-described property is to remain subject to the conditions in bill of sale." The bill of sale recited that the vendor sold and delivered the property covered by it, and did "hereby renounce and relinquish all title whatever to said property above described." Held, that in a suit on the notes it was not competent to prove by parol that the vendor agreed that with a competent man the vendee "would make good money there." Civil Code (1910), § 5788.

June 17, 1916.

Complaint. Before Judge Daniel. Butts superior court. June 15, 1915.

*W. E. Watkins*, for plaintiff.

HILL, J. J. Eblan brought suit against James L. Edwards and J. B. Edwards, and alleged that the defendants were indebted to him in the principal sum of $325, besides interest and attorney's fees, on 13 promissory notes, copies of which were attached to the petition. It was recited in the notes that they were given "for part of the purchase-money for studio 73-1/2 Whitehall Street. . . It is understood and agreed that the title to the above-described property is to remain subject to the conditions in the bill of sale." The defendants filed their answer, admitting that they executed the notes sued on, but denying liability thereon, for the alleged reason that the plaintiff made false and fraudulent representations to James L. Edwards, the principal of the notes, in order to induce him to purchase the studio and to execute the notes. It was averred that the plaintiff represented to James L. Edwards that the photographic studio had been doing a business of from $20 per day upwards, and that this was the regular income which came from transient customers, and that it would continue to come, when in fact the money arising from work done

at the studio amounted to only $35 per month, all of which was known to the plaintiff. It was averred that these statements were made by the plaintiff knowingly and wilfully for the purpose of deceiving the principal defendant, and they did deceive him and cause him to buy the studio and execute the notes. The defendants averred, as a further reason why the notes were void, that the contract was entire; and attached to it was a list of articles in the studio for which the notes were given, and in the list were a lot of articles (naming them) that were not the property of the plaintiff, all of which were claimed and carried away by other persons, and all of these articles were necessary for the operation of the studio. J. B. Edwards alleged that he was only a surety, and should be discharged because of the facts just stated. The principal defendant averred, that he paid as a part of the purchase-price of the studio, at the time the notes were signed, the sum of $50, and he prayed for judgment for that amount and the "further sum of $35 rent paid by the plaintiff," and the sum of $100 lost time caused by the alleged fraud perpetrated on defendant by plaintiff; that as soon as he discovered the fraud he offered to rescind the trade, offering plaintiff the $50 paid and the $35 rent paid by him, and all the articles turned over to defendant by plaintiff to which plaintiff had title, in return for defendant's notes, but plaintiff refused to rescind; that defendant was an experienced photographer, and while operating the studio in Atlanta did everything he could to increase the income by way of displaying his work, advertising, and doing better work than the plaintiff had done while operating the studio; yet for the whole month that he was there the income from the studio was only $35, and he avers that this was the average of the income while the studio was being operated by the plaintiff, and that this was the true income the plaintiff received instead of $20 per day as represented by him. The jury found for the defendants. A motion for a new trial was overruled, and the plaintiff excepted.

1. Four theories are possible in this case: rescission for fraud; total failure of consideration; partial failure of consideration; and recoupment. But on none of these theories can the verdict for the defendants stand, under the pleadings and evidence. There was no plea to rescind the contract for fraud; or at least the plea filed does not come up to the requirements of such a plea. See *Hayes*

v. *Carrollton Bank*, 143 *Ga.* 522 (85 S. E. 699). There is no plea of total or partial failure of consideration. And there is no plea of recoupment, or evidence to support it, so as to authorize a finding by the jury of a flat amount for balancing the account of the defendant against the claim of the plaintiff. The jury merely found for the defendants. The evidence did not authorize a verdict on the theory of total failure of consideration; for the plea averred, and the evidence of the defendant was, that he kept possession of the property and received $35 for the first month that he operated the studio. So there could be no recovery on that theory. There was no plea of partial failure of consideration, nor was the verdict in accord with that theory. As already said, there was no plea of recoupment. The averments as to fraud do not amount to a plea for rescission on that ground. So in any view the verdict is not supported by the evidence, nor in accord with the pleadings.

2. The ruling in the second headnote needs no elaboration.

*Judgment reversed. All the Justices concur.*